UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL C. DWYER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>EAGLE MARINE SERVICES LTD,<br>OAKLAND,<br><br>　　　　Defendant. | Case No: C 10-4440 SBA<br><br>**ORDER** |

　　　Michael C. Dwyer, acting pro se, filed the instant action in this Court on October 1, 2010, against Eagle Marine Services LTD, pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, and section 301 of the Labor Management Relations Act, 1947, 29 U.S.C. § 185(a). The substance of Plaintiff's claims is not clear from the pleadings, as Plaintiff merely states the following:

> I am asking the court to vacate the award in the controversy between the International Longshore and Warehouse Union Local 10 and Eagle Marine Services LTD, Oakland award #NCAA-EMS3-2010. In addition, I would like to ask the court to order that I be made whole and re-instated with no loss of seniority.

Compl. at 4. On December 7, 2010, the action was reassigned to this Court from Magistrate Judge Elizabeth Laporte. Dkt. 18.

　　　On February 25, 2011, Plaintiff filed a Motion to Vacate Arbitration Award, which is scheduled for hearing on May 24, 2011. Defendant's opposition is not yet due and Defendant has not yet otherwise appeared in this action.

On March 7, 2011, Plaintiff filed a Motion for Partial Summary Judgment. Dkt. 40. The motion is largely unintelligible and it is unclear what relief Plaintiff is seeking. Moreover, Plaintiff filed his motion in violation of Civil Local Rule 7-2(a), which requires parties to notice their motions on the Court's calendar. Plaintiff likewise violated the Standing Orders of this Court which specify that: "All parties are required to meet and confer before filing any motion with this court, and to certify that they have complied with this requirement." See Standing Orders, eff. Nov. 8, 2010, Dkt. 25.[1]

Because Plaintiff's Motion for Partial Summary Judgment fails to comply with the applicable rules of procedure, the Court strikes said motion and supporting papers from the record. See Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010) (recognizing that the district court has "the power to strike items from the docket as a sanction for litigation conduct"); Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 582 (9th Cir. 2010) (upholding district court's denial of motion to tax costs which was not in compliance with the court's local rules). After the Court adjudicates Plaintiff's pending Motion to Vacate Arbitration Award, Plaintiff may refile his summary judgment motion, if appropriate, provided that he notices the motion in accordance with the Local Rules and satisfies the Court's meet and confer requirements. Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Partial Summary Judgment and its supporting declarations are STRICKEN from the record. The Clerk shall strike Docket Nos. 40, 41 and 42 from the record. Plaintiff is granted leave to refile said motion and supporting papers in the manner set forth above. Absent prior leave of Court, any further motions filed by the parties (excluding the briefing on Plaintiff's pending

---

[1] The Court is aware that Plaintiff is representing himself in this action. However, such status does not excuse him of his obligation to comply with the Local Rules and orders of this Court. Pro per litigants must follow the same procedural rules as represented parties. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Ignorance of court rules is not an excuse for noncompliance. See Swimmer v. I.R.S., 811 F.2d 1343, 1344 (9th Cir. 1987) ("Ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se."). Plaintiff is warned that further transgressions of the applicable rules of procedure or any order of this Court may result in the imposition of sanctions, up to and including dismissal of the action.

Motion to Vacate Arbitration Award) shall be limited to fifteen (15) pages for opening and opposition briefs and ten (10) pages for the reply.

    IT IS SO ORDERED.

Dated: March 9, 2011

                                                                                       _____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DWYER et al,

       Plaintiff,

 v.

EAGLE MARINE SERVICES, LTD. et al,

       Defendant.
                                       /

Case Number: CV10-04440 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 10, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael C. Dwyer
10581 Englewood Drive
Oakland,  CA 94605

Dated: March 10, 2011
                                  Richard W. Wieking, Clerk

                                        By: LISA R CLARK, Deputy Clerk